**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of  New York _____
                                                (State)

Case number (*If known*):_____ Chapter  11

❑ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**

**Canela 336 LLC Chapter 11**

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names, and *doing business as* names

**None**

**3. Debtor's federal Employer Identification Number** (EIN)

 **File Number 4786717**

**4. Debtor's address**

**Principal place of business**

**1209 Orange Street**
Number      Street

**Wilmington, DE 19901**
City        State      ZIP Code

County

**Mailing address, if different from principal place of business**

Number      Street

P.O. Box

City        State      ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City          State        ZIP Code

**5. Debtor's website** (URL)

**N/A**

Debtor      Canela 336 LLC Chapter 11                                    Case Number *(if known)* _____

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**4811**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____ Case number _____
                                         MM / DD / YYYY

          District _____  When _____ Case number _____
                                         MM / DD / YYYY

Debtor   __Canela 336 LLC Chapter 11__                          Case Number (if known) _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor __See Schedule 1_____   Relationship __Affiliates_____

District __Southern District of NY_____   When __Date hereof_____
                                                                        MM  /  DD  / YYYY

Case number, if known   _____

---

**11. Why is the case filed in this district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number          Street

_____

_____
City                                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

**13. Debtor's estimation of available funds (Consolidated)**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (Consolidated)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor  <u>Canela 336 LLC Chapter 11</u>                    Case Number *(if known)* _____

| **15. Estimated assets (Consolidated)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
|---|---|---|---|
| **16. Estimated liabilities (Consolidated)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## ▌ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>05/28/2025</u>
          MM / DD / YYYY

✖ <u>/s/ Samuel Aguirre</u>                    <u>**Samuel Aguirre**</u>
Signature of authorized representative of debtor          Printed name

Title  <u>**Chief Restructuring Officer**</u>

**18. Signature of attorney**

✖ <u>/s/ Timothy Graulich</u>          Date   <u>05/28/2025</u>
Signature of attorney for debtor                    MM / DD / YYYY

**Timothy Graulich**
Printed name
**Davis Polk & Wardwell LLP**
Firm name
**450 Lexington Avenue**
Number      Street
**New York, NY 10017**
City    State    ZIP Code

**(212) 450-4639**                    **timothy.graulich@davispolk.com**
Contact phone                    Email address

**2661445**                    **NY**
Bar number                    State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of AZUL S.A.

- Azul S.A.
- Azul Linhas Aéreas Brasileiras S.A.
- IntelAzul S.A.
- ATS Viagens e Turismo Ltda.
- Azul Secured Finance II LLP
- Azul Secured Finance LLP
- Canela Investments LLC
- Azul Investments LLP
- Azul Finance LLC
- Azul Finance 2 LLC
- Blue Sabia LLC
- Azul SOL LLC
- Azul Saira LLC
- Azul Conecta Ltda
- Cruzeiro Participações S.A.
- ATSVP – Viagens Portugal, Unipessoal LDA
- Azul IP Cayman Holdco Ltd.
- Azul IP Cayman Ltd.
- Canela Turbo Three LLC
- Canela 336 LLC Chapter 11

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **CANELA 336 LLC,** | Case No. 25-[●] ([●]) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Azul S.A. (the "**Debtor**") and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases.  The Debtors respectfully represent, as of the date hereof, the following:

1.  Each Debtor identified on the Corporate Structure Chart, other than Azul S.A., ATS Viagens e Turismo Ltda., Cruzeiro Participações S.A., Azul IP Cayman Holdco Ltd., and Azul IP Cayman Ltd. is owned in its entirety by its direct parent.

2.  Azul S.A. is the ultimate parent of each of the Debtors.  The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the equity interest of Azul S.A.

| Shareholder | Approximate Percentage of Shares |
|---|---|
| TRIP Participações S/A | 33% |

## <u>Exhibit A</u>

**Corporate Structure Chart**

# Azul – Organizational Chart

**Key**

**Flags**
- 🇰🇾 Cayman Islands
- 🇧🇷 Brazil
- 🇺🇸 United States (DE)
- 🇵🇹 Portugal

**Shapes**
- ☐ Debtor
- ◯ Non-Debtor

**Lines**
- ┅┅ Pending Dissolution

**Azul S.A.** 🇧🇷

99.99% — **Azul Linhas Aéreas Brasileiras S.A.** 🇧🇷

**IntelAzul S.A.** 🇧🇷

24.99% (to ATS Viagens e Turismo Ltda.)

99.99% — **ATS Viagens e Turismo Ltda.** 🇧🇷
- 24.99% — **ATSVP – Viagens Portugal, Unipessoal LDA.** 🇵🇹

24.99% — **Azul Secured Finance II LLP** 🇺🇸

**Azul Secured Finance LLP** 🇺🇸

**Azul Investments LLP** 🇺🇸

**Azul Finance LLC** 🇺🇸

**Azul Finance 2 LLC** 🇺🇸

**Blue Sabia LLC** 🇺🇸

**Azul SOL LLC** 🇺🇸

**Canela Investments LLC** 🇺🇸
- **Canela Turbo Three LLC** 🇺🇸
- **Canela 336 LLC** 🇺🇸

**Azul Saira LLC** 🇺🇸

99.99% — **Azul Conecta Ltda.** 🇧🇷

99.99% — **Cruzeiro Participações S.A.** 🇰🇾

**Azul IP Cayman Holdco Ltd.** 🇰🇾
- 99.99% — **Azul IP Cayman Ltd.** 🇰🇾

24.99% — **Azul Cargo IP Cayman Holdco Ltd.** 🇰🇾
- **Azul Cargo IP Cayman Ltd.** 🇰🇾

Ownership is 100% unless stated

davispolk.com

**Davis Polk**

**Azul**

**Azul U.S. Debtors**
**Omnibus Action by Unanimous Written Consent of the Governing Bodies**
**May 27, 2025**

The undersigned, being all of the members of the boards of directors, the managing partners or the sole member (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of, each of the entities listed on **Exhibit A** hereto (each, an "**Entity**" and, collectively, the "**Company**"), hereby take the following actions and adopt the following resolutions by written consent in accordance with the applicable certificate of incorporation, bylaws, or limited liability company agreements of each Entity and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of each Entity, the strategic alternatives available, and the impact of the foregoing on the Company's businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors to the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors to the Company regarding the relative risks and benefits of pursuing cases under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Governing Body of Azul S.A. has established a transaction committee of the Governing Body of Azul S.A. (the "**Transaction Committee**") to review and evaluate a restructuring transaction or series of transactions (collectively, the "**Restructuring**") to be implemented through the commencement by the Company of the Chapter 11 Cases (as defined below), in order to (i) negotiate terms, structure, and conditions of the Restructuring, including any plan or one or more restructuring support agreements or any other document or agreement contemplated under or in connection with either of the foregoing, (ii) evaluate, negotiate, and structure financing or equity investments in connection with the Restructuring and Chapter 11 Cases, (iii) determine whether commencement of the Chapter 11 Cases is in the best interests of the Company and its stakeholders and to recommend approval of same to the Governing Bodies, (iv) oversee and manage the Chief Restructuring Officer (as defined below), legal counsel, and other advisors of the Company with respect to the Restructuring and the Chapter 11 Cases, and (v) to take any and all other actions it deems necessary or advisable in connection with the Restructuring and the Chapter 11 Cases, including action which it determines necessary or appropriate to implement the Chapter 11 Cases;

WHEREAS, the Governing Bodies have reviewed the resolutions set forth below with the management of, and the legal and financial advisors to, the Company;

WHEREAS, the Company has negotiated the Restructuring Support Agreements (as defined below) in good faith and at arm's-length with the counterparties thereto;

WHEREAS, each Restructuring Support Agreement provides that it can be terminated by the Company, at the direction of the Governing Bodies (including the Committee of the Governing Body of Azul S.A.), if such Governing Body determines in good faith that continued performance thereunder would be inconsistent with the exercise of such Governing Bodies' fiduciary duties or applicable law; and

WHEREAS, the Governing Bodies (a) have determined that taking the actions set forth below and the transactions contemplated hereby are advisable and appropriate and in the best interests of, the Company and their stakeholders and, therefore, have (b) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

## I.    Designation of Chief Restructuring Officer

RESOLVED, that the Company hereby authorizes Samuel Aguirre of FTI Consulting, Inc. to act as a restructuring representative to the Company (the "**Chief Restructuring Officer**") (without further action or notice), effective immediately and automatically (without further action or notice).

RESOLVED, FURTHER, the Chief Restructuring Officer (x) shall report directly to the Company's Chief Executive Officer and the restructuring committee of the Company's board of directors and (y) subject to any approval required by law or as set forth in any further resolution of the Transaction Committee or the Governing Bodies, as the case may be, shall be the officer of the Company empowered with sole authority with respect to, among other things (i) approval of and compliance with the approved budget, (ii) interacting with and directing the Company's professionals with respect to matters within the Chief Restructuring Officer's scope of authority, (iii) oversight of cash management of the Company and its U.S. subsidiaries, and (iv) interacting with and repatriation of cash, if possible, from non-U.S. subsidiaries; and

RESOLVED, FURTHER, the Company and its subsidiaries shall provide Mr. Aguirre with access to all financial and other information of the Company and its subsidiaries and their respective employees, officers and directors shall each be empowered to cooperate reasonably and in good faith with Mr. Aguirre and provide access to all information reasonably requested by Mr. Aguirre relating to the Company's and its subsidiaries' business and financial affairs and their assets and properties, including, without limitation, to the extent reasonably requested, the Company's and its subsidiaries' books and records and all information provided to any other existing or potential lender, investor, bidder or acquiror, and to their senior management and professional advisory teams; and

RESOLVED, FURTHER, that each officer, including the Chief Restructuring Officer, director, or manager of the Company, and each individual acting pursuant to a power of attorney for the Company, (each, an "**Authorized Person**") shall be, and hereby is, authorized on behalf of the Company to take any and all actions, to execute and deliver any and all documents, agreements, and instruments, and to take any and all steps deemed by any such Authorized Person to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions, and

all actions heretofore taken by any of them in furtherance thereof are hereby ratified and confirmed in all respects.

## II.    Commencement of Chapter 11 Cases

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors to the Company, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, collectively, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each Authorized Person, is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to seek to have its Chapter 11 Case administered by the Bankruptcy Court under Chapter 11 of the Bankruptcy Code.

## III.    Retention of Advisors

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel to the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to retain any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as the Authorized Person deems necessary, appropriate, or advisable, to represent and assist the Company

3

in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code.

**IV.**    **Amendment to Governing Documents**

RESOLVED, that, to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

**V.**    **DIP Facility Documents and Use of Cash Collateral**

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors to the Company, that it is desirable and in the best interest of the Company and its stakeholders to (a) enter into that certain Super Senior Secured Debtor-In-Possession Facility Term Loan Agreement, dated as of the Closing Date (as defined under the  DIP Credit Agreement), with UMB Bank, N.A, as the administrative agent (the "**DIP Agent**"), and the creditors from time to time party thereto (collectively, the "**DIP Creditors**"), which will be documented in (I) a New York law governed superpriority, senior secured term loan agreement with respect to the Interim DIP Order Funding and the Final DIP Order Funding (each as defined therein), and a New York law governed superpriority, senior secured indenture and a note purchase agreement (collectively, and together with all exhibits, schedules, and annexes thereto, as altered, amended, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**") and (II) any other documentation relating to the DIP Facility, including, without limitation, pledge agreements, guarantee agreements, security agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements, swap agreements, collateral access agreements, acknowledgment letters, payoff letters, fee letters, termination agreements, intellectual property release agreements, control agreement terminations, and other documents under which a security interest in the assets of the Company is being created and granted to the DIP Agent on behalf of the DIP Creditors, and each other agreement, document, or instrument required thereunder, collectively and together with such other related documents in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof)  (collectively and together with the DIP Credit Agreement, the "**DIP Facility Documents**") (b) perform the Company's obligations under the DIP Facility Documents, including payment of the fees and expenses related thereto (as set forth in the DIP Facility Documents), and take all actions in accordance therewith that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby, and (c) obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code, the "**Cash Collateral**"), which is security for

the Company's prepetition secured lenders under certain credit facilities and indentures by and among the Company and the lenders party thereto (the "**Prepetition Secured Parties**");

RESOLVED, FURTHER, that the Company is hereby authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of the Company, together with the Company's advisors, to (a) seek interim and final approval of, and authorization to enter into, the DIP Facility Documents and the use of Cash Collateral from the Bankruptcy Court pursuant to an order of the Bankruptcy Court substantially on the terms presented to the Governing Bodies (the "**DIP Order**") and (b) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guarantying the DIP Obligations under the DIP Facility Documents, (iii) providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, (iv) granting superpriority status, superpriority claims, first priority priming liens, junior liens, adequate protection liens, and perfected security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the DIP Obligations under the DIP Facility Documents, on terms disclosed to the Governing Bodies with such changes therein and additions thereto as any Authorized Person executing the same may, in their absolute discretion, deem necessary or appropriate, the execution of the DIP Facility Documents to be conclusive evidence of the approval thereof, (v) executing and delivering any additional or further agreements, instruments, or documents for the use of Cash Collateral in connection with the Chapter 11 Cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Prepetition Secured Parties, on terms disclosed to the Governing Bodies with such changes therein and additions thereto as any Authorized Person executing the same may in their absolute discretion deem necessary or appropriate, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, and (vi) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and

RESOLVED, FURTHER, that the Company is authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of the Company, to (a) negotiate and agree to any changes to the DIP Order and DIP Facility Documents as they believe is appropriate and necessary under the circumstances in their reasonable judgment, (b) execute and deliver any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Agreement/Indenture (including amendments increasing the amount of credit available under the DIP Credit Agreement/Indenture and/or extending the maturity of the same) and the DIP Facility Documents, (c) cause the Company to enter into, execute, deliver, certify, file, verify and/or record, and perform under the DIP Facility Documents and such other documents, agreements, instruments, and certificates as may be required by the DIP Order or the DIP Facility Documents, (d) consummate the transactions contemplated by the DIP Facility Documents, and (e) do such other things that shall, in their absolute discretion, be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## VI.    Restructuring Support Agreements

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors to the Company, that it is desirable and in the best interests of the Company and its stakeholders to enter into those certain restructuring support agreements with, respectively, (i) certain of the Company's bondholders and certain of the Company's shareholders (together with all schedules and exhibits thereto, the "**Bondholder RSA**") (ii) certain strategic partners (together with all schedules and exhibits thereto, the "**Strategics RSA**"), and (iii) one or more commercial aircraft leasing counterparties (together with all schedules and exhibits thereto, the "**Lessor RSA**" and, together with the Bondholder RSA and the Strategics RSA, the "**Restructuring Support Agreements**").

RESOLVED FURTHER, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company, together with the Company's advisors, to take all actions (including, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring and the Restructuring Support Agreements and to consummate the transactions contemplated thereto and thereby in connection with the Chapter 11 Cases, and each Entity's performance of their obligations under the Restructuring Support Agreements hereby is, in all respects, authorized and approved; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company, together with the Company's advisors, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in furtherance of the Restructuring, the Restructuring Support Agreements, and the Chapter 11 Chases.

## VII.    General Authorization and Ratification

RESOLVED, that each Authorized Person shall be, and hereby is authorized, empowered, and directed, on behalf of and in the name of each Entity, to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the applicable Entity's obligations under the Bankruptcy Code and exercise all rights of the applicable Entity under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code), with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Governing Bodies, and the Company, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or

instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "**Controlling Entity**"), in each case, of any direct or indirect subsidiary of any Entity (a "**Controlled Entity**"), each such Authorized Person who may act without the joinder of any other Authorized Person, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Person is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Entity, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to any Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of such Entity in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

[*Signature Pages Follow*]

7

IN WITNESS WHEREOF, the undersigned, as the managing partner of Azul Secured Finance II LLP has caused this written consent to be executed as of the date first set forth above.

Azul Linhas Aéreas Brasileiras S.A.

Name: Abhi Manoj Shah
Title: President

IN WITNESS WHEREOF, the undersigned, as the managing partners of Azul Secured Finance LLP has caused this written consent to be executed as of the date first set forth above.

Azul Linhas Aéreas Brasileiras S.A.

Name: Abhi Manoj Shah
Title: President


**AZUL S.A.**

By:

Name: John Peter Rodgerson
Title:    Director

IN WITNESS WHEREOF, the undersigned, as the managing partner of Azul Investments LLP has caused this written consent to be executed as of the date first set forth above.

Azul Linhas Aéreas Brasileiras S.A.

Name: Abhi Manoj Shah
Title: President

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Azul Finance LLC have caused this written consent to be executed as of the date first set forth above.

_____
Name: John Peter Rodgerson
Title: Director

_____
Name: Alexandre Wagner Malfitani
Title: Director

_____
Name: Edson Massuda Sugimoto
Title: Attorney-in-Fact

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Azul Finance 2 LLC have caused this written consent to be executed as of the date first set forth above.

_____
Name: John Peter Rodgerson
Title: Director


_____
Name: Edson Massuda Sugimoto
Title: Attorney-in-Fact

IN WITNESS WHEREOF, the undersigned, as the sole member of Canela Investments LLC has caused this written consent to be executed as of the date first set forth above.

Azul Linhas Aéreas Brasileiras S.A.

Name: Abhi Manoj Shah
Title: President

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Blue Sabia LLC have caused this written consent to be executed as of the date first set forth above.

_____
Name: John Peter Rodgerson
Title: Director

_____
Name: Edson Massuda Sugimoto
Title: Attorney-in-Fact

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Azul SOL LLC have caused this written consent to be executed as of the date first set forth above.


_____
Name: John Peter Rodgerson
Title: Director


_____
Name: Edson Massuda Sugimoto
Title: Attorney-in-Fact

8

IN WITNESS WHEREOF, the undersigned, as the sole member of Azul Saira LLC has caused this written consent to be executed as of the date first set forth above.

Azul Linhas Aéreas Brasileiras S.A.

_____
Name: Abhi Manoj Shah
Title: President

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Canela Turbo Three LLC have caused this written consent to be executed as of the date first set forth above.

Name: John Peter Rodgerson
Title: Director

Name: Edson Massuda Sugimoto
Title: Attorney-in-Fact

10

IN WITNESS WHEREOF, the undersigned, constituting the Board of Directors of Canela 336 LLC have caused this written consent to be executed as of the date first set forth above.

_____

Name: John Rodgerson
Title: Director

## **Exhibit A**

### **List of Entities**

1. Azul Secured Finance II LLP
2. Azul Secured Finance LLP
3. Azul Investments LLP
4. Azul Finance LLC
5. Azul Finance 2 LLC
6. Canela Investments LLC
7. Blue Sabia LLC
8. Azul SOL LLC
9. Azul Saira LLC
10. Canela Turbo Three LLC
11. Canela 336 LLC

**Fill in this information to identify the case:**

Debtor name  Azul S.A., et al.

United States Bankruptcy Court for the: Southern District of New York
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **UMB Bank, N.A.** 5910 N Central Expwy, Suite 1900 Dallas, TX 75206 | Attn: Israel Lugo P: +1 (214) 389-5947 F: +1 (214) 336-0526 israel.lugo@umb.com | Bonds | U | $2,595,346,951 | $2,240,520,117 | **$354,826,834** |
| 2 | **Comando Da Aeronautica** Avenida General Justo, 160 Predio E 009 Rio de Janeiro, RJ 20021-130 Brasil | Attn: President Or General Counsel P: +55 (11) 5098-2000 F: +55 (21) 2101-4900 | Trade Debt | U | | | **$189,887,069** |
| 3 | **GE Engine Services Distribution LLC** 1 Neumann Way, Room 111 Customer Product Support Cincinnati, OH 45215 | Attn: Laís Antunes P: +55 (11) 95078-1524 lais.antunes@geaerospace.com | Trade Debt | C/U | | | **$141,717,246** |
| 4 | **Raizen S.A.** Av Afonso Arinos De Melo Franco 222, Blc 2 Sal 321 Rio de Janeiro, RJ 22640-100 Brasil | Attn: Frederico Suano Pacheco De Araujo P: +55 0300 777 5656 shellaviation@raizen.com. | Trade Debt | U | | | **$72,054,935** |
| 5 | **Citibank, N.A.** Av. Paulista, 1111 São Paulo, SP 01311-920 Brasil | Attn: Geny Zhao P: +55 (11) 4009-0069 geny.zhao@citi.com | Line of Credit | U | | | **$60,338,789** |
| 6 | **Wilmington Trust SP Services (Dublin) Limited** 3 St. George's Dock, 4th Floor Dublin, D01 X5X0 Ireland | Attn: Aercap C/O Breeda Cunningham P: +353 1 612 5555 aercap@wilmingtontrust.com | Aircraft Notes | U | | | **$38,824,255** |
| 7 | **Air BP Brasil Ltda.** Avenida Das Nacoes Unidas, 12399 Andar 4 Sala43 E 44 Parte Lado a Sao Paulo, SP 04578-000 Brasil | Attn: Juliana Lamberth (Account Manager) P: +55 (11) 93308-0693 juliana.lamberth@bp.com | Trade Debt | U | | | **$36,276,447** |
| 8 | **ATR Americas Inc** 1715 Nw 84th Ave Doral, FL 33126 | Attn: Christopher Jones P: +1 (571) 203-6900 christopher.jones@atr-aircraft.com | Trade Debt | C/U | | | **$32,750,931** |

Debtor __Azul S.A., et al._____     Case number *(if known)*_____
            Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Ministerio Da Fazenda** Esplanada Dos Ministerios Bloco P 5.andar Brasilia, DF 70048-900 Brasil | Attn: President Or General Counsel P: +55 (21) 2334-4300 gabinete.ministro@fazenda.gov.br | Taxes | C/U/D | | | **$22,947,031** |
| 10 | **GE Celma Ltda.** Rua Luiz Winter, 381, #393 Petropolis, RJ 25665-431 Brasil | Attn: Ricardo Amaro P: + 55 (24) 98136 1942 ricardo.amaro@geaerospace.com | Trade Debt | C/U | | | **$21,690,792** |
| 11 | **CFM International Inc** 1 Neumann Way Cincinnati, OH 45215 | Attn: Armand Luzi P: +1 (513) 552-3272 armand.luzi@ge.com | Trade Debt | C/U | | | **$19,731,683** |
| 12 | **Embraer Aircraft Customer Services** 276 Sw 34th St Fort Lauderdale, FL 33315 | Attn: President Or General Counsel P: +1 (954) 359-3700 | Trade Debt | | | | **$18,990,362** |
| 13 | **RRPF Engine Leasing Limited** 1 Brewer's Green London, SW1H 0RH United Kingdom | Attn: Bobby Janagan P: +44(0)7966 878224 bobby.janagan@rolls-royce.com | Engine Financing | C/U | | | **$17,348,780** |
| 14 | **Embraer S.A.** Rod. Floriano Rodrigues Pinheiro 333, Galpao F 41 Taubate, SP 12045-000 Brasil | Attn: Denis Esteves P: +55 (12) 98157-0609 denis.esteves@embraer.com.br | Trade Debt | | | | **$17,313,221** |
| 15 | **PK AirFinance S.a.r.l.** 1370 Avenue of the Americas 32nd Floor New York, NY 10019 | Attn: Guillaume Degemard gdegemard@apollo.com | Engine Financing | C/U | | | **$14,838,171** |
| 16 | **NAC Aviation 17 Limited** Bedford Place - Henry St, 5th Floor Limerick, V94 K6YY United Kingdom | Attn: President Or General Counsel P: +353 61 432 400 | Promissory Notes | U | | | **$13,875,189** |
| 17 | **Navitaire Inc** 333 S Seventh St, Suite 1700 Minneapolis, MN 55402 | Attn: Grody Evans P: +1 (612) 317-7000 gordy.evans@navitaire.com | Trade Debt | C | | | **$11,760,679** |
| 18 | **Wells Fargo Bank Northwest, N.A.** 260 N Charles Lindbergh Dr Salt Lake City, UT 84116 | Attn: Val Orton P: +1 (801) 246-5053 val.t.orton@wellsfargo.com | Equipment Leasing | C/U | | | **$11,325,838** |
| 19 | **Sky High L Leasing Company Limi** 2 Grand Canal Sq Dublin, D02 A342 Ireland | Attn: Icbc Aviation Leasing C/O Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$9,282,055** |
| 20 | **Bank of Utah** 200 E South Temple, Suite 210 Salt Lake City, UT 84111 | Attn: President Or General Counsel P: +1 801 924-3690 aercap@bankofutah.com | Trade Debt | C/U | | | **$7,347,921** |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **Mapfre Seguros Gerais S.A.** Avenida Das Nacoes Unidas, 14261 Andar 17 Ao 21 Ala a Sao Paulo, SP 04794-000 Brasil | Attn: President Or General Counsel P: +55 0800 775 4545 | Trade Debt | C/U | | | **$6,838,103** |
| 22 | **Wilmington Trust Company** 1100 N Market St Wilmington, DE 19890 | Attn: Azorra C/O Adam Vogelsong P: +1 (302) 651-1000 avogelsong@wilmingtontrust.com | Trade Debt | C/U | | | **$6,312,122** |
| 23 | **Sky High Leasing Company Limited** 2 Grand Canal Square Grand Canal Harbour Dublin, D02 A342 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Aircraft Notes | C/U | | | **$6,041,768** |
| 24 | **Pratt E Whitney Engine Leasing LLC** 400 Main St Hartford, CT 06118-3811 | Attn: General Manager gppwengineleasing@prattwhitney.com | Trade Debt | C | | | **$5,946,643** |
| 25 | **ATR Avions De Transport Regional** 1 Allee Pierre Nadot Blagnac, Occitania 31700 France | Attn: Rahul Domergue P: +33 (0)5 62 61 21 rahul.domergue@atr-aircraft.com | Trade Debt | | | | **$5,328,366** |
| 26 | **Rolls Royce PLC Engine Overhaul Services** Wilmore Rd, Gate 9 Derby, Leicestershire DE24 8DX United Kingdom | Attn: Julio Grande P: +55 (11) 99604-0759 julio.grande@rolls-royce.com | Trade Debt | | | | **$5,327,151** |
| 27 | **SFV Aircraft Holdings IRE 12 DAC** 32 Molesworth St Dublin, D02 Y512 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$4,760,655** |
| 28 | **Airbus Americas CUST Serv Inc** 21780 Filigree Court Ashburn, VA 20147 | Attn: President Or General Counsel P: +1 (703) 724-1836 | Trade Debt | | | | **$4,461,015** |
| 29 | **SFV Aircraft Holdings IRE 11 DAC** 32 Molesworth St Dublin, D02 Y512 Ireland | Attn: Catherine Kearns P: +353 01 874-3050 ckearns@skyleasing.com | Trade Debt | C/U | | | **$4,174,861** |
| 30 | **Panasonic Avionics Corporation** 3347 Michelson Dr, Suite 100 Irvine, CA 92612 | Attn: Raphael Marinho P: +1 (949) 672-2000 raphael.marinho@panasonic.aero | Trade Debt | C/U | | | **$3,530,597** |

**Fill in this information to identify the case and this filing:**

Debtor Name <u>Canela 336 LLC Chapter 11</u>

United States Bankruptcy Court for the: <u>Southern</u>          District of <u>New York</u>
(State)

Case number (*If known*):          _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration <u>Corporate Ownership Statement</u> _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  <u>05/28/2025</u>          ✘  <u>/s/ Samuel Aguirre</u>
MM / DD / YYYY          Signature of individual signing on behalf of debtor

<u>Samuel Aguirre</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**