## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CANELA 336 LLC CHAPTER 11,** *et al.*[1] | **Case No. 25-11180 (SHL)** |
| **Debtors.** | **(Jointly Administered)** |

## SCHEDULES OF ASSETS AND LIABILITIES FOR
## CANELA 336 LLC CHAPTER 11 <u>(CASE NO. 25-11180)</u>

---

[1] The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective tax, employer identification, or Delaware file numbers (as applicable), are as follows: Azul S.A. (CNPJ: 5.994); Azul Linhas Aéreas Brasileiras S.A. (CNPJ: 6.295); IntelAzul S.A. (CNPJ: 8.624); ATS Viagens e Turismo Ltda. (CNPJ: 3.213); Azul Secured Finance II LLP (EIN: 2619); Azul Secured Finance LLP (EIN: 9978); Canela Investments (EIN: 4987); Azul Investments LLP (EIN: 2977); Azul Finance LLC (EIN: 2283); Azul Finance 2 LLC (EIN: 4898); Blue Sabia LLC (EIN: 4187); Azul SOL LLC (EIN: 0525); Azul Saira LLC (EIN: 8801); Azul Conecta Ltda. (CNPJ: 3.318); Cruzeiro Participações S.A. (CNPJ: 7.497); ATSVP – Viagens Portugal, Unipessoal LDA. (NIF: 2968); Azul IP Cayman Holdco Ltd. (N/A); Azul IP Cayman Ltd. (N/A); Canela Turbo Three LLC (EIN: 4043); and Canela 336 LLC (Del. File No.: 6717).  the Debtors' corporate headquarters is located at Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, 06460-040, Barueri, São Paulo, Brazil.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **Chapter 11** |
| **Azul S.A., *et al.*,** | **Case No.: 25-11176 (SHL)** |
| Debtors.[1] | **(Jointly Administered)** |

## EXPLANATORY NOTES REGARDING THE DEBTORS' SCHEDULES
## OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Azul S.A. and the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed their respective Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively the "Statements" and, together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors and their management team, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), and Rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York (the "Local Rules").

These *Explanatory Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Explanatory Notes") pertain to, are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements. The Explanatory Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2] In the event that any Schedules and/or Statements differ from these Explanatory Notes, the Explanatory Notes shall control.

---

[1]   The debtors and debtors in possession in the chapter 11 cases, along with the last four digits of their respective tax, employer identification, or Delaware file numbers (as applicable), are as follows: Azul S.A. (CNPJ: 5.994); Azul Linhas Aéreas Brasileiras S.A. (CNPJ: 6.295); IntelAzul S.A. (CNPJ: 8.624); ATS Viagens e Turismo Ltda. (CNPJ: 3.213); Azul Secured Finance II LLP (EIN: 2619); Azul Secured Finance LLP (EIN: 9978); Canela Investments (EIN: 4987); Azul Investments LLP (EIN: 2977); Azul Finance LLC (EIN: 2283); Azul Finance 2 LLC (EIN: 4898); Blue Sabia LLC (EIN: 4187); Azul SOL LLC (EIN: 0525); Azul Saira LLC (EIN: 8801); Azul Conecta Ltda. (CNPJ: 3.318); Cruzeiro Participações S.A. (CNPJ: 7.497); ATSVP – Viagens Portugal, Unipessoal LDA. (NIF: 2968); Azul IP Cayman Holdco Ltd. (N/A); Azul IP Cayman Ltd. (N/A); Canela Turbo Three LLC (EIN: 4043); and Canela 336 LLC (Del. File No.: 6717). The Debtors' corporate headquarters is located at Avenida Marcos Penteado de Ulhôa Rodrigues, nº 939, 8º floor, Edifício Jatobá, Condomínio Castelo Branco Office Park, Tamboré, 06460- 040, Barueri, São Paulo, Brazil.

[2]   These Explanatory Notes are intended to supplement, and should be read in addition to, any specific notes included within each Debtor's Schedules or Statements. The inclusion of an Explanatory Note regarding one Debtor's Schedules or Statements, but not for another, should not be construed as an indication that the Explanatory Note is inapplicable to the other Debtors' Schedules or Statements, where relevant.

1

While the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based on information available at the time of preparation, subsequent information or discovery may result in material changes to these Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred.

The Debtors may amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, to amend the Schedules and Statements with respect to any claim (as defined in section 101(5) of the Bankruptcy Code, a "Claim") amount, description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Nothing contained in the Schedules and Statements or Explanatory Notes shall constitute a waiver of any right of the Debtors with respect to their chapter 11 cases (including, but not limited to, issues involving claims, substantive consolidation, defenses, equitable subordination, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non bankruptcy laws to recover assets or avoid transfers).

Samuel Aguirre, Chief Restructuring Officer of Azul S.A. has signed each set of the Schedules and Statements. Mr. Aguirre is an authorized signatory for each of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Aguirre has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' professionals. Given the scale of the Debtors' business, Mr. Aguirre has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including but not limited to, statements and representations concerning amounts owed to creditors, the classification of such amounts, and their addresses.

### **Explanatory Notes and Overview of Methodology**

1.    **Description of Cases**. On May 28, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. These chapter 11 cases are being jointly administered under Case No. 25-11176 (SHL) pursuant to an order entered on May 29, 2025 [Docket No. 41]. The Debtors continue to operate their business and manage their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Notwithstanding the joint

administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements under the lead case, Case No. 25-11176.

2. **Basis of Presentation**. For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements that were consolidated by the Debtors ultimate parent, Azul S.A. The presentation of the assets and liabilities set forth in the Schedules and Statements may result in amounts that may be different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("<u>GAAP</u>") or International Financial Reporting Standards ("<u>IFRS</u>"). Therefore, these Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP or IFRS nor are they intended to fully reconcile to the financial statements prepared by the Debtors. Unlike the consolidated financial statements, these Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. The information provided in the Schedules and Statements, except as otherwise noted, is reported as of the close of business on the Petition Date. Asset values reflected in these reports are based upon the Debtors' May 31, 2025, month-end unaudited balance sheet, except where specifically noted. Finished goods, fixed and intangible assets and inventory reports are as of April 30, 2025. Liability values are as of the Petition Date.

### General Disclosures Applicable to Schedules and Statements

1. **Causes of Action.** Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all interests in causes of action or potential causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.

2. **Claim Designations.** The Debtors reserve all their rights to dispute, or to assert offsets or defenses to, any claim reflected on their Schedules or Statements on any grounds, including, but not limited to, amount, liability, priority, status, or classification, or to otherwise subsequently designate any claim as "contingent," "unliquidated," or "disputed."

3. **Unliquidated and/or Undetermined Claim Amounts.** Claim amounts that are not readily quantifiable by the Debtors are scheduled as "unliquidated" and/or "undetermined." The description of an amount as "unliquidated" and/or "undetermined" is not intended to reflect upon the materiality of such amount, or that any amount is or is not due.

4. **First Day Orders.** Pursuant to certain orders of the Bankruptcy Court entered in the Debtors' chapter 11 cases entered on or about May 29, 2025, May 30, 2025, and June 5, 2025, (collectively, the "<u>First Day Orders</u>"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, foreign

vendors, potential lienholders, insurance brokers and carriers, and taxing authorities, among others. To the extent such claims have been or are subsequently paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors may (but are not required to) amend or supplement their Schedules and Statements to reflect such payment as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such scheduled amounts reflect balances owed as of the Petitions Date.

5.  **Other Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to any necessary Bankruptcy Court approval.  The Debtors may direct the claims agent to modify or update the claims register to reflect such post-petition settlements without amending the underlying Schedules.

6.  **Valuation.** The Debtors have indicated in the Schedules and Statements that the value of certain assets and liabilities are undetermined or unknown. In addition, unless otherwise indicated, the Schedules and Statements reflect cost, book, or net book values as of either May 31, 2025, or April 30, 2025. Exceptions to this include operating cash and certain other assets, including aircraft related assets. Cash balances across the Debtors' bank and investment accounts are presented as of May 31, 2025, as these balances are only updated at month-end. Other intermediary dates would be extremely onerous to calculate and require extensive Company resources. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values. Amounts realized may vary from net book value (or whatever value was ascribed) and such variance may be material. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements. Additionally, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.

7.  **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.

8.  **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including without limitation, tax accruals, accrued salaries, certain employee benefit accruals, and accrued accounts payable. The Debtors have not included capital to be subscribed for stock in the Schedules or Statements. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid pursuant to a First Day Order or other order that may be

4

entered by the Bankruptcy Court. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims may exist in the future. In addition, certain immaterial assets and liabilities may have been excluded.

9. **Confidential or Sensitive Information.** Consistent with the *Order (I) Waiving The Requirement To File A List Of Equity Security Holders, (II) Waiving The Requirement That The Debtors File A List Of Creditors And Authorizing A Consolidated List Of Creditors In Lieu Of Submitting A Formatted Mailing Matrix, (III) Authorizing Parties To Redact Personal Identifying Information, And (IV) Approving The Form And Manner Of Notifying Creditors Of The Commencement Of The Chapter 11 Cases And Other Information* [Docket No 54], the home addresses of certain individuals are not reflected in the Schedules and Statements.

10. **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

11. **Leases.** The Debtors have not included in the Schedules and Statements the future obligations of any leases. To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule F of the Schedules. Certain leases relating to the Debtors' fleet are reflected twice in a Debtor's Schedules: once in the Debtor's Schedule G as an executory contract and again in its Schedule D or F, as appropriate, as a contingent, unliquidated claim on account of the Debtor's corresponding obligations under the lease or contract.

12. **Aircraft.** As of the Petition Date, the Debtors' fleet was comprised of 225 aircraft. As reflected on the Debtors' Schedule A/B, 15 aircraft are owned directly by the Debtors, with an additional 23 being leased by the Debtors pursuant to finance leases with third parties. The remaining 187 aircraft are leased by the Debtors pursuant to operating leases with third parties. These aircraft are not owned directly by the Debtors and are, therefore, not reflected as assets on the Debtors' Schedule A/B. Aircraft leases are included on Schedule G and any unpaid amounts thereunder as of the Petition Date are reflected on Schedule E/F as a contingent and unliquidated claim.

13. **Contingent Assets.** The Debtors believe that they may possess certain claims and causes of action against various parties. Additionally, the Debtors may possess various other claims and/or contingent claims in the form of various avoidance actions in each case that they could commence under the provisions of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors may not have identified and/or set forth all of their causes of action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or monetary damages, among others. Failure to disclose claims, causes of action,

or avoidance actions that are undetermined shall not be deemed a waiver of any such claims, avoidance actions, or causes or action or in any way prejudice or impair the assertion of such claims.

14. **Pledged Assets.** A significant amount of the assets listed on the Debtors' Schedule A/B have been pledged as collateral by the Debtors and may be outside of the Debtors' control, including, without limitation, in connection with the Debtors' postpetition financing facility.

15. **Intercompany Accounts.** The Debtors have historically kept separate books and records by entity in a consolidated accounting system. The Debtors regularly engage in business relationships and transactions with each other. These relationships and transactions are reflected as intercompany receivables or payables. *See Debtors' Motion for Entry of Interim and Final Orders (i) Authorizing Them to Continue to (a) Maintain their Existing Cash Management System, Bank Accounts, Factoring Agreements, and Business Forms, (b) the Debtors to Open and Close Bank Accounts, and (c) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (ii) Waiving Deposit and Investment Requirements, and (iii) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims* [Docket No. 16] (the "Cash Management Motion").

16. **Intercompany Balances.** Net intercompany balances between a given Debtor and other Debtor entities as of the Petition Date are reflected in (i) Schedule AB-11 (Accounts receivable) for net intercompany receivables and (ii) Schedule F for any net intercompany payables.

17. **Guarantees and Other Secondary Liability Claims.** The Debtors have used reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, "Guarantees") in each of their executory contracts, unexpired leases, secured financings, debt instruments, and other similar arrangements. Where such Guarantees have been identified, they have been included in the relevant Schedule H for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other similar arrangements may have been inadvertently omitted.

18. **Intellectual Property Rights.** The Debtors have made every effort to attribute intellectual property and rights to intellectual property to the rightful Debtor owner; however, in some instances, intellectual property or rights to intellectual property attributed to one Debtor may, in fact, be owned by another.

19. **Executory Contracts.** Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract. Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. In

addition, although the Debtors made diligent efforts to list the current address of named parties, the Debtors may have inadvertently listed outdated addresses.

20. **Liens.** The assets and property of the Debtors listed in the Statements and Schedules are presented without consideration of any asserted mechanics', materialmen, or similar liens that may attach (or have attached) to such inventories, property, and equipment.

21. **Estimates.** To prepare and file the Schedules as close to the Petition Date as possible, management was required to make certain estimates and assumptions that affected the reported amounts of the Debtors' assets and liabilities.

22. **Fiscal Year.** Each Debtor's fiscal year ends on or about December 31st.

23. **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars (USD). Brazilian *reals* (BRL) have been converted to USD using an exchange rate as of the end of day May 28, 2025, of 1 USD: 5.6936 BRL, published by the Brazilian Central Bank.

24. **Property and Equipment.** Unless otherwise indicated, owned property and equipment are stated at net book value. The Debtors may lease furniture, fixtures, and equipment from certain third-party lessors. Any such leases are set forth in the Schedules and Statements on Schedule G.

25. **Umbrella or Master Agreements.** Contracts or leases listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors. Any reference to any umbrella or master agreement shall include any statement of work or purchase order thereunder as well as other ancillary agreements, whether or not any such statement of work is separately listed. Conversely, any reference to any statement of work shall include any umbrella or master agreement connected thereto, whether or not such umbrella or master agreement is separately listed. Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.

26. **Credits and Adjustments.** The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.

27. **Setoffs.** The Debtors incur certain setoffs and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their suppliers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are excluded from the Schedules.

28.   **Insiders.** For purposes of the Schedules and Statements, the Debtors define insiders as individuals or entities that, based upon the totality of circumstances, have a controlling interest in, or exercise sufficient control over, the respective Debtor such that they dictate corporate policy and/or the disposition of corporate assets. Individuals listed in the Statements as insiders have been included for informational purposes only. The Debtors do not take any position with respect to (i) such individual's influence over the control of the Debtors, (ii) the management responsibilities or functions of such individual, (iii) the decision-making or corporate authority of such individual, or (iv) whether such individual could successfully argue that he or she is not an insider under applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose. As such, the Debtors reserve all rights to dispute whether someone identified is in fact an "insider" as defined in section 101(31) of the Bankruptcy Code. For more information regarding each Debtor's officers and managers, please see SOFA 28 and SOFA 29.

29.   **Payments.** The financial affairs and business of the Debtors are complex. Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "<u>Cash Management System</u>"), as described in the Cash Management Motion.

30.   **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined portions of an amount, the actual total may be different than the listed total as reflected in the Schedules and Statements. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount. To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in these Schedules are inclusive of each Debtor's guarantor obligations.

### **Specific Schedules Disclosures**

1.   **Specific Notes Regarding Schedule A/B.**

(a)   **Schedule A/B, Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.** Details with respect to the Debtors' Cash Management System and bank accounts are provided in the Cash Management Motion and any orders of the Bankruptcy Court entered in connection with the Cash Management Motion [Docket No. 16].

(b)   **Schedule A/B-3 – Checking, savings, or other financial accounts, CDs, etc.** Schedule A/B-3 lists actual cash balances as of May 31, 2025, to maintain consistency across all the Debtors' accounts.

(c)   **Schedule A/B-7 – Deposits.** The Debtors are required to make deposits from time to time with various vendors, landlords, and service providers in the ordinary course of business. The Debtors have exercised reasonable efforts to report the

current value of any deposits. The Debtors may have inadvertently omitted deposits and conversely may have reported deposits that are no longer outstanding.

**(d)** **Schedule A/B-8 – Prepayments.** The Debtors are required to make prepayments from time to time with various vendors, landlords, and service providers as part of the ordinary course of business. The Debtors have exercised reasonable efforts to identify any prepayments. The Debtors may have inadvertently omitted certain prepayments and conversely may have reported prepayments for which services have already been provided.

**(e)** **Schedule A/B-11 – Accounts Receivable.** Schedule A/B-11 identifies the gross accounts receivable balance as of May 31, 2025. The amounts aged over 90 days also include certain Debtor receivables that do not have aging detail available.

**(f)** **Schedule A/B-15 - Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, Including Any Interest in an LLC, Partnership, or Joint Venture.** The Debtors' responses to Schedule A/B-15 may include membership or equity interests in both direct and indirect subsidiaries or affiliates. The value of the Debtors' ownership interests in subsidiaries and affiliates have been listed in Schedule A/B-15 as undetermined. The Debtors make no representation as to the value of their ownership interests in each subsidiary as the fair market value of such ownership interest is dependent on numerous variables and factors and may differ significantly from their net book value.

**(g)** **Schedule A/B-22 – Other Inventory or Supplies.** The Debtors have included all inventory, regardless of designation as a raw material, work in progress, or finished good, in their response to A/B-22, as of May 31, 2025.

**(h)** **Schedule A/B-25 – Inventory Purchased Within 20 Days.** The Debtors have made commercially reasonable efforts to identify or estimate all inventory included in Schedule A/B-22 that was purchased within the 20 days preceding the Petition Date; however, it is possible that inadvertent errors or omissions may have occurred in calculating these amounts.

**(i)** **Schedule A/B-38 through 45 – Office Furniture, Fixtures and Equipment.** In the Debtors' books and records, all office furniture and fixtures are included in a single trial balance amount. As such, in certain instances, the Debtors have not specifically reported office equipment by office furniture, office fixtures, and office equipment. Any applicable amounts related to office furniture, fixtures and equipment is included within the Company's listings on A/B22.

**(j)** **Schedule A/B-49 – Aircraft and Accessories.** The Debtors have not included in the Schedules any right-of-use operating lease assets or liabilities related to the Financial Accounting Standards Board Accounting Standards Update 2016-2 because the Debtors do not possess any ownership interest in the underlying asset.

(k)  **Schedule A/B-50 – Other Machinery, Fixtures and Equipment.** The Debtors have included all other fixed assets held on the balance sheet as of May 31, 2025 (inclusive of right-of-use operating lease and maintenance-related assets) except for those items explicitly described in A/B8 and A/B49.

(l)  **Schedule A/B-55 – Any Building, Other Improved Real Estate, or Land Which the Debtor Owns or in Which the Debtor Has an Interest.** The Debtors did not own any real property as of April 30, 2025. Values reported reflect the book values of leasehold improvements at leased properties.

The Debtors' interest in the Garantia Fiduciária Hangar de Viracopos—a leasehold aircraft hangar facility currently pledged as collateral under the proposed Senior Secured Superpriority Postpetition Financing facility—was recorded at approximately USD 34 million as of the Debtor's acquisition of the lease in September 2020. This book value reflects capital investment related to the hangar's structural build-out, construction, tools and equipment, and back shop infrastructure. While this figure represents the asset's historical accounting value and not its current market value, it serves as a reference point for historical cost. The recorded amount does not capture the Hangar's present-day operational utility or strategic significance to the Debtor's business. However, when adjusted for cumulative Brazilian inflation (IPCA) from September 2020 through mid-2025, the book value of USD 34 million equates to an inflation-adjusted value of approximately USD 46.6 million, assuming all other factors remain constant.

(m)  **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** Specific patents, copyrights, trademarks, trade secrets, and other intangibles or intellectual property or rights to intellectual property inadvertently may not have been disclosed. The Debtors may also have customer lists and/ or vendor lists but have not ascribed a value to any such lists on their books and records.

(n)  **Schedule A/B, Part 11 – All Other Assets.** Dollar amounts for assets listed in Part 11 reflect historical costs and fair market values may be substantially different. In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, crossclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counterclaims and/or crossclaims as a defendant. Because certain of these claims are unknown to the Debtors and not quantifiable as of the Petition Date, they may not be listed on Schedule A/B, Part 11.

(o)  **Schedule A/B-72 – Tax Refunds and Unused Net Operating Losses (NOLs).** The Debtors have not listed the applicable tax year in scheduling certain NOLs because under Brazilian tax law, the tax year in which each NOL accrued is not

relevant for the application of such NOLs, which continue to accumulate and do not expire.

(p)     **Schedule A/B-74 and 75 – Causes of Action Against Third Parties (Whether or Not a Lawsuit Has Been Filed) and Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, Including Counterclaims of the Debtors and Rights to Set off Claims.** The Debtors attempted to list known causes of action and other claims. Failure to disclose claims, causes of action, or avoidance actions that are undetermined shall not be deemed a waiver of any such claims, avoidance actions, or causes or action or in any way prejudice or impair the assertion of such claims.

(q)     **Schedule A/B-77 – Other Property of Any Kind Not Already Listed.** Any payable or receivable between a Debtor and another Debtor on the Schedules and Statements reflects the applicable Debtor's books and records and does not constitute an admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a claim, an interest, or not allowed at all.

**2.      Specific Notes Regarding Schedule D**

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition secured note facility, only the collateral agent has been listed for purposes of Schedule D. The amounts reflected in Schedule D represent approximate amounts outstanding as of the Petition Date. In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions of collateral provided in Schedule D are intended only as a summary. Reference to the applicable credit documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. In certain cases, the date of the credit agreement varies from the date that the appliable debt was drawn upon. In these cases, the date incurred is listed as the date of the credit agreement. Nothing in the Explanatory Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Detailed descriptions of the Debtors' prepetition debt structure and descriptions of collateral relating to the debt contained on Schedule D are contained in the *Declaration of Fabio Barros Franco De Campos in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 8].

**3.      Specific Notes Regarding Schedule E/F**

The listing by the Debtors of any account between a Debtor and another Debtor is a statement of what appears in a particular Debtor's books and records. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.

**(a) Part 1:  Creditors Holding Priority Unsecured Claims.** The listing of any claim on Schedule E/F Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain of such claims, however, may be subject to ongoing audits or are otherwise uncertain in amount. The Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

**(b) Part 2: Creditors Holding Nonpriority Unsecured Claims.** The Debtors have used their reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

The Debtors have not listed on Schedule E/F any tax related obligations, except those relating to open tax audits, which the Debtors have been granted authority to pay pursuant to the Final Order Authorizing (i) the Debtors to Pay Certain Prepetition Taxes, Governmental Assessments, and Fees and (ii) Financial Institutions to Honor and Process Related Checks and Transfers [Docket No. 200]

Schedule E/F does not include certain deferred credits, obligations to customers for future flights, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP and/or IFRS.

Schedule E/F does not include certain reserves for potential unliquidated contingencies that are historically carried on the Debtors' books; such reserves represent potential liabilities only and do not represent actual liabilities as of the Petition Date.

The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive, and therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the

litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor.

Certain claims listed on Schedule E/F may reflect prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be satisfied post-petition in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease.

Trade payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the Petition Date and may include invoices for prepetition obligations that were paid postpetition pursuant to the First Day Orders.

Claims listed on Schedule E/F do not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Brazilian Litigation Claims (as defined below) listed on Schedule E/F are being paid in the ordinary course of business pursuant to the authority granted in the *Final Order (i) Authorizing the Debtors to Satisfy and Continue Performance in Connection with Certain Lien, Government-Backed Financing, and Litigation Claims, (ii) Authorizing Financial Institutions to Honor and Process Related Checks and Transfers, and (iii) Granting Related Relief* [Docket No. 204] (the "Lien Claimant Order"). The Debtors do not currently possess noticing information related to Brazilian Litigation Claimants, nor do they intend to provide notice by mail to the Brazilian Litigation Claimants, as the Debtors obtained relief through the Lien Claimants Order to leave such claims unimpaired under, and unaffected by, the Chapter 11 Cases. Obtaining the information required to provide notice by mail to the Brazilian Litigation Claimants would be burdensome, costly, and present discrete logistical challenges given, among other things, the volume of Brazilian Litigation Claims pending against the Debtors. Furthermore, the Debtors published the Notice of Commencement of the Chapter 11 Cases in English, in the national edition of the Wall Street Journal and, in Portuguese, in the national edition of Folha de São Paulo, notifying parties of the commencement of the Chapter 11.

The Debtors have placed Guarantee obligations on Schedule H for both the primary obligor and the guarantor of the relevant obligation. Such Guarantees were also placed on Schedule D or E/F for each guarantor, except to the extent that such Guarantee is associated with obligations under an executory contract or unexpired lease identified on Schedule G.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The dollar amounts listed may exclude contingent or unliquidated amounts.

4.      **Specific Notes Regarding Schedule G**

(a) **Executory Contracts and Unexpired Leases.** While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts at each of the Debtors, and although reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors, omissions, or over inclusions may have occurred. In most instances, except as otherwise noted, specified contract or lease end dates were not included. Certain contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, and agreements that may not be reflected in Schedule G despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract, unexpired lease, service order, or statement of work listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, unexpired lease, service order, or statement of work without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination and nondisturbance agreements, supplemental agreements, deeds, amendments/letter agreements, title agreements, engagement letters, and confidentiality agreements/Non-Disclosure Agreements (NDAs). Such documents may not be set forth in Schedule G.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month-to-month basis. Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements

14

that are oral in nature have not been included in Schedule G. The fact the Debtors may not have listed an oral contract on Schedule G is not an admission that no such contract exists. To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G. In addition, certain of the agreements listed on Schedule G may be conditional sales agreements or conditional secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.

The Debtors have not included certain contracts and leases on Schedule G that the Debtors believe terminated prepetition. Failure to include any such contract or lease is not an admission that such contract or lease terminated. Additionally, in the past, the Debtors have suffered data breaches that may have affected databases housing particular executory contracts and leases, which may have resulted in the omission of certain contracts from Schedule G. Moreover, inclusion of a contract or lease on Schedule G is not an admission that any such agreement has not terminated. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease.

Certain of the agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtors' Schedule G on which to list the agreement and, where a contract party remained uncertain, such agreements may have been listed on a different Debtor's Schedule G.

**(b) Amending Schedules.** While an extensive listing of active executory contracts and leases has been provided on Schedule G, the Debtors reserve the right and intend to provide amending schedules to the court at a future date.

## 5.    Specific Notes Regarding Schedule H

**(a) Co-Debtors.** The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements. Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.

In the ordinary course of their businesses, the Debtors may be involved in pending or threatened litigation and claims. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counterclaims against other parties. Such claims may have been set forth individually on Schedule H.

## Specific Statement of Financial Affairs Disclosures

1.      **Question 2 – Non-Business Revenue.**  Responses to Question 2 reflect sales pursuant to sale and leaseback transactions for the relevant two years preceding the Petition Date.

2.      **Question 3 – Certain Payments to Creditors.** The Debtors have responded to Question 3 in detailed format identifying each payment to such creditor. All amounts have been converted from the applicable local currency to USD based on the closing conversion rate, per the Brazilian Central Bank as of May 28, 2025.[3] The responses to Question 3 do not include transfers to bankruptcy professionals (which transfers appear in response to Part 6, Question 11) or intercompany transfers.

3.      **Question 4 – Payments to Insiders.** The Debtors have responded to Questions 4 in a summary format by insider by payment type in the attachment for Question 4. The amounts listed under Question 4 reflect the gross amounts paid to such insiders, rather than the net amounts after deducting for tax withholdings. To the extent (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed in Question 4 those payments made while such person was defined as an insider.

Due to privacy and security concerns associated with the public disclosure of the names and income of the Debtors' officers and employees in their home countries, the Debtors have not included the names of the individual transferees listed in response to Statement Question 4. Additionally, because certain senior officers would otherwise be easily identifiable based on their respective incomes, and in the interest of their privacy and security, the Debtors list payments to insiders on an aggregated basis.

4.      **Question 6 – Setoffs.** The Debtors routinely incur setoffs from third parties during the ordinary course of business. Setoffs in the ordinary course can result from various items including intercompany transactions, counterparty settlements (in particular, interline ticketing setoffs with other carriers), pricing/quantity discrepancies, and other transaction true-ups. These customary setoffs are consistent with the ordinary course of business in the Debtors' industry and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list all such setoffs. Consequently, ordinary course setoffs are excluded from the Debtors' responses to SOFA Question 6.

5.      **Question 7 – Legal Actions.** Certain litigation actions against one Debtor may relate to any of the other Debtors. The Debtors have made commercially reasonable efforts to identify all current pending litigations involving the Debtors and to record these actions

---

3   For Question 3, the Debtors considered the following exchange rates, as published by the Brazilian Central Bank on May 28, 2025. 1 USD : 0.8861 EUR : 19.4174 MXN : 111.1111 ARS : 0.7430 GBP : 1.3819 CAD : 41.55 UYU : 0.8275 CHF : 4131.64 COP.

in the Statements of the Debtor that is party to the action. However, certain omissions may have occurred.

Pursuant to the Lien Claimant Order, the Bankruptcy Court granted the Debtors authority to pay certain claims brought against them by their customers, employees, and governmental authorities in Brazil (the "Brazilian Litigation Claims"). Given the frequency and overwhelming number of Brazilian Litigation Claims that were pending against the Debtors within one year of the Petition Date, it would be unduly burdensome on the Debtors to list all such litigations. Therefore, in response to Question 7 the Debtors have included only those Brazilian Litigation Claims pending as of the Petition Date. The Debtors do not currently possess noticing information related to Brazilian Litigation Claimants, nor do they intend to provide notice by mail to the Brazilian Litigation Claimants, as the Debtors obtained relief through the Lien Claimants Order to leave their claims unimpaired under, and unaffected by, the Chapter 11 Cases. Furthermore, the Debtors published the Notice of Commencement of the Chapter 11 Cases in English, in the national edition of the Wall Street Journal and, in Portuguese, in the national edition of Folha de São Paulo, notifying parties of the commencement of the Chapter 11.

6. **Question 9 – Gifts and Charitable Contributions.** In the ordinary course of business, the Debtors have historically provided charitable support to vulnerable populations (e.g., refugees and asylum seekers) by providing one-way non-revenue travel to these individuals resettlement locations. Additionally, the Debtors were sponsors to several Olympic Committees for the 2024 Summer Olympics, providing air travel to select participant athletes. The Debtors have not included amounts related to these initiatives in their responses to Question 9, given these amounts are non-material and ascertaining a precise quantitative fair market value would be unduly burdensome on the Debtors.

7. **Question 10 – Certain Losses.** Due to severe flooding in Rio Grande do Sul in 2024, some of the Debtors' property sustained damage at Porto Alegre–Salgado Filho International Airport, which remained inoperable for several months. The extent of the damage is under ongoing assessment and insurance claims have been initiated to recover potential losses. The Debtors did not include losses covered by insurance in their responses to Question 10, as the flood occurred prior to the one-year lookback period.

8. **Question 11 – Payments Made Related to Bankruptcy.** The response to Question 11 identifies the Debtor that made a payment in respect of professionals the Debtors have retained or will seek to retain under section 327 and section 363 of the Bankruptcy Code. Although the services of any advisors who provided consultation or services concerning potential restructuring, relief under the Bankruptcy Code, or preparation of petitions for filing bankruptcy within one year immediately preceding the Petition Date were provided for the benefit of and on behalf of all of the Debtors, all of the payments for such services were made either by Azul S.A. or Azul Linhas Aéreas Brasileiras S.A., and are, therefore, only listed on those Debtors' responses to Question 11.  The payments include the amounts

paid to such professionals for services provided in connection with these Chapter 11 proceedings only.

9.     **Question 16 – Personally Identifiable Information.** The Debtors' privacy policies are disclosed on its public website and are presented to customers upon booking tickets or signing up for frequent flyer programs.

10.    **Question 21 – Property Held for Another.** As of the Petition Date, the Debtors held immaterial third-party assets, such as customer luggage, freight, and advance payments. The Debtors' responses to Question 21 exclude property borrowed temporarily from other carriers since, in the ordinary course of business, the Debtors exchange parts with other airlines for brief periods to address urgent operational needs. Aircraft equipment provided under formal leases are listed in Schedule G and are not reflected in responses to Question 21.

11.    **Question 26 – Books, Records, and Financial Statements.** The Debtors have historically completed audits at the consolidated Azul S.A. level.

In regard to Question 26d, the Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing, and other reasons within two years prior to the Petition Date. Furthermore, Debtor Azul S.A. filed with the SEC Form 20-F annual reports as a foreign private issuer during the two years immediately before the Petition Date.[4]

Considering the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed any parties that may have received such financial statements for purposes of Statement 26d.

12.    **Question 27 – Inventories.** The Debtors' policy concerning the counts of inventory, and its related components does not include counts of the entire inventory balance. Instead, cycle counts of portions of inventory are conducted on a periodic basis which varies by each respective Debtor entity. As such, the response to this question reflects details from those cycle counts.

13.    **Question 28 – Current Officers, Directors, and Shareholders.** For purposes of the Schedules and Statements, the Debtors define "controlling interest holders" to include entities that directly hold in excess of 20% of the voting interests of the applicable Debtor entity.

---

[4]    Azul filed its Form 20-F report for the fiscal year 2024 with the SEC on April 28, 2025. Azul filed its Form 20-F report for the fiscal year 2023 with the SEC on May 16, 2024. These filings are consistent with the requirements for foreign private issuers listed on U.S. exchanges.

14.     **Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.** Distributions by the Debtors to their insiders are listed on the attachment to Question 4. The amounts listed under Question 4 reflect the gross amounts paid to such insiders, rather than the net amounts after deducting for tax withholdings.

\*       \*       \*       \*

| Fill in this information to identify the case: |
|---|
| Debtor name: Canela 336 LLC Chapter 11 |
| United States Bankruptcy Court for the: Southern District of New York |
| Case number: 25-11180 |

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**1. Schedule A/B: Assets - Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B                                                                                         $0.00

1b. **Total personal property:**
Copy line 91A from Schedule A/B                                                                                       $0.00

1c. **Total of all property:**
Copy line 92 from Schedule A/B                                                                                         $0.00


**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)                $0.00
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F                                              $0.00

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F                      $0.00


**4. Total Liabilities**                                                                                                           $0.00
Lines 2 + 3a + 3b

**Fill in this information to identify the case:**

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets — Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:   Cash and Cash Equivalents

**1. Does the debtor have any cash or cash equivalents?**

☑ No. Go to Part 2.

☐ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| **2. Cash on hand** | |
| 2.1 | $0.00 |

**3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account # | |
|---|---|---|---|
| 3.1 | | | $0.00 |

**4. Other cash equivalents** *(Identify all)*

| | |
|---|---|
| 4.1 | $0.00 |

**5. Total of Part 1**

Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.        $0.00

### Part 2:   Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
| --- | --- |

**7. Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1 _____     $0.00

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

8.1 _____     $0.00

**9. Total of Part 2**

Add lines 7 through 8. Copy the total to line 81.     $0.00

## Part 3:    Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

|  | Current value of debtor's interest |
| --- | --- |

**11. Accounts receivable**

11a.  90 days old or less:    _____ − _____ = ........ ➜   $0.00
       face amount          doubtful or uncollectible accounts

11b.  Over 90 days old:    _____ − _____ = ........ ➜   $0.00
       face amount          doubtful or uncollectible accounts

**12. Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $0.00

## Part 4:    Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

|  | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- |

**14. Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

14.1 _____     _____     $0.00

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:                          % of ownership:

15.1 _____     _____     _____     $0.00

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $0.00

**17. Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.    $0.00

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| 19.1 | | | | $0.00 |
| **20. Work in progress** | | | | |
| 20.1 | | | | $0.00 |
| **21. Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | $0.00 |
| **22. Other inventory or supplies** | | | | |
| 22.1 | | | | $0.00 |

**23. Total of Part 5**

Add lines 19 through 22. Copy the total to line 84.    $0.00

**24. Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 6:**  **Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | | | |
| 28.1 | | | $0.00 |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | $0.00 |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | $0.00 |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | $0.00 |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | $0.00 |

**33. Total of Part 6**

Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes    Book value _____    Valuation method _____    Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 7:**  Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**39. Office furniture**

| 39.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**40. Office fixtures**

| 40.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**41. Office equipment, including all computer equipment and communication systems equipment and software**

| 41.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

| 42.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**43. Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

| $0.00 |
|---|

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 8:**  Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 | | | |
|---|---|---|---|
| | | | $0.00 |

**49. Aircraft and accessories**

49.1

_____    _____    _____    $0.00

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1

_____    _____    _____    $0.00

**51. Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.    $0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 9:    Real Property

**54. Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | | | |
| | | | | $0.00 |

**56. Total of Part 9.**

Add the current value of all lines in question 55 and entries from any additional sheets. Copy the total to line 88.    $0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

## Part 10:    Intangibles and intellectual property

**59. Does the debtor have any interests in intangibles or intellectual property?**

☑ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1 | | | $0.00 |
| **61. Internet domain names and websites** | | | |
| 61.1 | | | $0.00 |
| **62. Licenses, franchises, and royalties** | | | |
| 62.1 | | | $0.00 |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| 63.1 | | | $0.00 |
| **64. Other intangibles, or intellectual property** | | | |
| 64.1 | | | $0.00 |
| **65. Goodwill** | | | |
| 65.1 | | | $0.00 |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| | $0.00 |
|---|---|

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐ No

☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 11:    All other assets**

**70. Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71. Notes receivable**
Description (include name of obligor)

71.1

_____    _____ - _____ = ➔    _____ $0.00
                         total face amount        doubtful or uncollectible
                                                  amount

**72. Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

72.1

_____    Tax year _____    _____ $0.00

**73. Interests in insurance policies or annuities**

73.1

_____    _____ $0.00

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

_____    _____ $0.00

Nature of Claim      _____

Amount requested     _____

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

_____    _____ $0.00

Nature of Claim      _____

Amount requested     _____

**76. Trusts, equitable or future interests in property**

76.1

_____    _____ $0.00

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

77.1

_____    _____ $0.00

**78. Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

_____ $0.00

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Part 12:   Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** Copy line 5, Part 1. | $0.00 | |
| **81. Deposits and prepayments.** Copy line 9, Part 2. | $0.00 | |

**82. Accounts receivable.** Copy line 12, Part 3.                    $0.00

**83. Investments.** Copy line 17, Part 4.                    $0.00

**84. Inventory.** Copy line 23, Part 5.                    $0.00

**85. Farming and fishing-related assets.** Copy line 33, Part 6.                    $0.00

**86. Office furniture, fixtures, and equipment; and collectibles.** Copy line 43, Part 7.                    $0.00

**87. Machinery, equipment, and vehicles.** Copy line 51, Part 8.                    $0.00

**88. Real property. Copy line 56, Part 9.**                    ➔                    $0.00

**89. Intangibles and intellectual property..** Copy line 66, Part 10.                    $0.00

**90. All other assets.** Copy line 78, Part 11.                    $0.00

**91. Total. Add lines 80 through 90 for each column**    91a.    $0.00                    91b.    $0.00

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92.                    $0.00

**Fill in this information to identify the case:**

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**Be as complete and accurate as possible.**

**Part 1:    List Creditors Who Have Claims Secured by Property**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor`s other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in the information below.

**2. List creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of Claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|

2.1

Date debt was incurred?

Last 4 digits of account number

**Do multiple creditors have an interest in the same property?**
☐ No
☐ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to the lien:**

**Describe the lien**

**Is the creditor an insider or related party?**
☐ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
☐ Yes. Fill out Schedule H: Codebtors(Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Amount of Claim: $0.00

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    $0.00

Debtor
Canela 336 LLC Chapter 11
Name

Case number *(if known)* 25-11180

25-11180-shl    Doc 4    Filed 07/24/25    Entered 07/24/25 16:38:51    Main Document
Pg 32 of 37

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| 3.1 | | |

**Fill in this information to identify the case:**

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

**1. Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.

☐ Yes. Go to line 2.

**2. List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | Total claim | Priority amount |
|---|---|---|

2.1

_____

**Date or dates debt was incurred**

_____

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:**
11 U.S.C. § 507(a) ( _ )

**As of the petition filing date, the claim is:**
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

Total claim: _____

Priority amount: $0.00

**Part 2:**  List All Creditors with NONPRIORITY Unsecured Claims

**3. List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | Amount of claim |
|---|---|

3.1

_____

**Date or dates debt was incurred**

_____

_____

**As of the petition filing date, the claim is:**  $0.00
*Check all that apply.*

☐ Contingent

☐ Unliquidated

☐ Disputed

**Basis for the claim:**

_____

**Is the claim subject to offset?**

☐ No

☐ Yes

**Part 3:**  List Others to Be Notified About Unsecured Claims

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

**If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.**

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 _____ | Line _____ | _____ |
|  | ☐ Not listed. Explain _____ |  |

**Part 4:**  Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

|  |  | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $0.00 |
| 5b. **Total claims from Part 2** | 5b. | $0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $0.00 |

**Fill in this information to identify the case:**

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**Schedule G:**    **Executory Contracts and Unexpired Leases**

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|

| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest** | Aircraft Teardown Agreement | Kingman Airlines Service, Inc. |
| | **State the term remaining** | (2610) Days | Kevin Dolan-President |
| | **List the contract number of any government contract** | | 9900 Flightline Drive |
| | | | Kingman, AZ 86401 |
| | | | Kevin.Dolan@KASI.us |

**Fill in this information to identify the case:**

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ Check if this is an amended filing

## Official Form 206H
## Schedule H: Codebtors

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G*.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | **Check all schedules that apply:** |
| 2.1 | | | ☐ D |
| | | | ☐ E/F |
| | | | ☐ G |

<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name: Canela 336 LLC Chapter 11

United States Bankruptcy Court for the: Southern District of New York

Case number: 25-11180

☐ **Check if this is an amended filing**

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a _____
declaration

I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| 07/23/2025 | /s/ Samuel Aguirre |
| Executed on | Signature of individual signing on behalf of debtor |
| | Samuel Aguirre |
| | Printed name |
| | Chief Restructuring Officer |
| | Position or relationship to debtor |